**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                              TELEPHONE (605) 224-0560
**BANKRUPTCY JUDGE**                                                  FAX (605) 224-9020

April 17, 2006

Trustee Forrest C. Allred
14 Second Avenue SE, Suite  B
Aberdeen, South Dakota  57401

Terry J. Sutton, Esq.
Counsel for Debtor
Post Office Box 1053
Watertown, South Dakota  57201-6053

    Subject:  *In re Anthony J. Van Lith*,
                 Chapter 7, Bankr. No. 05-10477

Dear Trustee and Counsel:

    I have reviewed  Trustee Allred's supplement to the proposed settlement of his objection to Debtor's claimed exemptions.  Based on the present record, however, I am unable to approve the settlement.

    Under 11 U.S.C. § 522(b)(2)(A), the state exemption laws that apply in this case are those for the state in which Debtor's "domicile has been located for the 180 days immediately preceding the date of filing of the petition, or for a longer portion of such 180-day period than in any other place."  Thus, we first need to establish that domicile and then determine whether Iowa or South Dakota law controls.  If we need to take evidence to make that determination, please so advise me by letter.

    If Iowa statutes govern Debtor's exemptions, Debtor will need to amend his Schedule C as to both real and personal property.  Trustee Allred or another party in interest will then have 30 days to file any objections to the amended schedule.  Fed.R.Bankr.P. 4003(b).  The case may also need to be moved to Iowa.  28 U.S.C. § 1408.

    If South Dakota law controls Debtor's exemptions, I am doubtful that land in Iowa can be declared exempt under South Dakota's homestead statutes since the exemption is reserved for residents of this state.  S.D.C.L. § 43-31-1; *Larsen v. Metropolitan Life Ins. Co. (In re Larsen)*, 122 B.R. 733, 742 (Bankr. D.S.D. 1990)(Ecker, J.); *In re Volk*, 26 B.R. 457, 459-61

In re Van Lith
April 17, 2006
Page 2


(Bankr. D.S.D. 1983)(Ecker, J.)(discussion of exemptions in light of the debtor's move out of South Dakota); and *In re James' Estate*, 160 N.W. 525 (S.D. 1916). *Compare Drenttel v. Jensen-Carter (In re Drenttel)*, 403 F.3d 611, (8th Cir. 2005)(a debtor who moved from Minnesota to Arizona but who was domiciled in Minnesota for exemption purposes could use Minnesota exemption laws to declare new home in Arizona exempt since Minnesota statutes did not limit their application to land within Minnesota); *see also In re Stone*, 329 B.R. 860 (Bankr. N.D. Iowa 2005).  If the parties want to brief this issue, however, please so advise me by letter and we will enter an order setting a briefing deadline.

    Pending your response to this interim letter decision, the settlement motion will be put on hold.

                                    Sincerely,

                                    Irvin N. Hoyt
                                    Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest).

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota